**SO ORDERED.**

**SIGNED this 17 day of March, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

JUDITH GAIL EDWARDS,     CASE NUMBER: 09-09250-8-JRL
                         CHAPTER 7
    DEBTOR.
_____

### ORDER DENYING MOTION TO DISMISS FOR ABUSE

This matter is before the court on the Bankruptcy Administrator's motion to dismiss the chapter 7 proceeding pursuant to 11 U.S.C. § 707(b)(1). A hearing on this matter was held on March 9, 2010, in Raleigh, North Carolina.

The debtor filed for relief under chapter 7 of the Bankruptcy Code on October 23, 2009. Section 707(b)(1) authorizes the court to dismiss a case filed by an individual debtor whose debts are primarily consumer debts where it is found that granting relief would be an abuse. Abuse for an above-median debtor is determined by a series of calculations under 11 U.S.C. § 707(b)(2). First, the debtor's monthly expenses are subtracted from her total monthly income. After deducting expenses, the remaining balance is multiplied by 60. If the balance, multiplied by 60, is either (1) greater or equal to $6,575.00 or 25 percent of the nonpriority unsecured debt, whichever is greater; or (2) greater or equal to $10, 950.00, then a presumption of abuse exists. § 707(b)(2)(A)(i)(I)-(II). Here, the debtor acknowledges that abuse is presumed. Although the

debtor's response to the trustee's motion does not raise the defense of special circumstances, the court finds that this is a case where special circumstances exist.[1]

Pursuant to 11 U.S.C. § 707(b)(2)(B)(i), the presumption of abuse may be rebutted by demonstrating special circumstances which justify additional expenses or adjustments of current monthly income. Any number of extra costs may constitute a finding of special circumstances, "[i]ndeed any legitimate expense that is out of the ordinary for an average family. . .could be considered." 6 Collier on Bankruptcy ¶ 707.05[2][d] (15th ed). To make a showing of special circumstances the debtor must: (1) create itemized documentation of each expense or adjustment to income; (2) provide an explanation for why such expense is reasonable and necessary; and (3) affirm under oath the accuracy of the documentation. § 707(b)(2)(B)(ii)-(iii). Even when the debtor has shown special circumstances, the presumption of abuse remains intact unless the adjustments to expenses brings the debtor's available income below the amount triggering the presumption. § 707(b)(2)(B)(iv).

At the hearing, Sandra Edwards Cary, the debtor's sister, testified on the debtor's behalf. On April 18, 2009, the debtor suffered a massive brain stem stroke, leaving the debtor totally disabled. Due to this serious medical condition, the debtor is unable to live without constant medical care. The debtor receives monthly income from three sources: social security disability in the approximate amount of $1,803.00, retirement disability from the State of South Carolina in the approximate amount of $1,376.00, and private disability from Aetna in the approximate amount of $250.00. Ms. Cary provided the requisite itemized documentation and testified to

---

[1] Although the debtor claimed $6,000.00 of special expense deductions on her Form B22A she did not meet the statutory requirements for establishing them. Thus a hearing was necessary.

such. The documentation shows that the debtor's monthly income is consumed by the costs of assisted living, medications, insurance, doctors' appointments, and other medical supplies. These expenses are not only reasonable but are medically necessary to sustain the debtor's life. The prognosis is that the debtor will remain in her present state for the remainder of her days.

The court finds that the debtor has not only shown a situation of special circumstances, but has sufficiently rebutted the presumption of abuse. Furthermore, the court finds that under the Code, a hearing on special circumstances may not be necessary in every case. The debtor is only required to attest under oath to the accuracy of the information provided. 11 U.S.C. § 707(b)(2)(B)(iii). This can be accomplished by the filing of an affidavit. The "debtor may make such circumstances known to the United States trustee [or Bankruptcy Administrator] . . . in hopes that a decision will be made that no dismissal motion should be filed." 6 Collier on Bankruptcy ¶ 707.05[2][d] (15th ed). Families, like the debtor's, need not be routinely brought into court and made to undergo questioning about emotionally sensitive subjects if they can otherwise meet the statutory requirements for demonstrating special circumstances.

Based on the foregoing, the motion to dismiss is **DENIED.**

**END OF DOCUMENT**